## Case No. 5,353.

### The GEORGIA D. LOUD.

[8 Ben. 392.] [1]

District Court, S. D. New York. Feb. 1876.

PILOTAGE THROUGH HELL GATE—TENDER OF SERVICES—LONG ISLAND SOUND—CONSTRUCTION OF STATE STATUTE.

Where a Hell Gate pilot offered his services to a vessel bound through Hell Gate, at a point 17 miles east of Sand's Point, and was refused: *Held,* that, under the statute of the state of New York such tender of pilotage services at that place was effective, and the libellant might recover half pilotage upon such refusal.

[Cited in The Glaramara, 10 Fed. 679.]

In admiralty.

Beebe, Wilcox & Hobbs, for libellant.
W. W. Goodrich, for claimant.

BENEDICT, District Judge. This is an action by a Hell Gate pilot to recover half pilotage, as provided in the laws of the state, by reason of a tender of services and a refusal thereof at a point off Norwalk Island, some 17 miles eastward of Sand's Point, to a vessel then on a voyage through Hell Gate.

The evidence shows a tender and a refusal, and the only question left for determination is the question referred to and left undecided in Horton v. Smith [Case No. 6,709], whether a tender, at a point as far distant as 17 miles to eastward of Sand's Point, entitles the pilot to half pilotage, in case of a refusal of his services then made. I have examined the statute of this state with care to see if any ground exists therein for the limitation which the claimants here contend for; and certainly without any desire to give to the statute any more extended operation than its language compels—for the necessity of compulsory pilotage for a thoroughfare like

Hell Gate in the present state of commerce in the port of New York may well be questioned. But I fail to find any ground for saying that an effective tender of pilotage services may not be made at the point where the libellant made his tender.

The provisions of the act clearly indicate an intention to afford an inducement to pilots to go further east than Sand's Point, and a tender off Norwalk Island is within the letter and the spirit of the statute. The libellant must accordingly have his decree.